﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190702-12765
DATE: July 30, 2019

ORDER

An increased (compensable) rating for left ear hearing loss is denied. 

FINDING OF FACT

For the entire increased rating period, left ear hearing loss has been productive of no more than Level I hearing acuity. 

CONCLUSION OF LAW

For the increased rating period on appeal, the criteria for a disability rating in excess of zero percent for left ear hearing loss have not been met or more nearly approximated. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 4.3, 4.7, 4.85, 4.86, 4.87, Diagnostic Code 6100. 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 became effective (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework of review for Veterans dissatisfied with VA’s decision on their claim. 

In June 2019, the Veteran opted for direct review by the Board. Direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision. The Board cannot hold a hearing or accept into the record additional evidence in its direct review.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 AMA rating decision. 

Rating Left Ear Hearing Loss

Ratings for defective hearing range from noncompensable (0 percent) to 100 percent based on organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests, together with the average hearing threshold level as measured by pure tone audiometric tests at the frequencies of 1000, 2000, 3000, and 4000 cycles per second (Hertz or Hz). To evaluate the degree of disability from bilateral defective hearing, the rating schedule establishes 11 auditory acuity levels designated from Level I, for essentially normal acuity, through Level XI, for profound deafness. 38 C.F.R. § 4.85. Pursuant to VA’s rating schedule, the assignment of a disability rating for hearing impairment is derived by a purely mechanical application of the rating schedule to the numeric designations derived from the results of audiometric evaluations. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). 

Table VIA, “Numeric Designation of Hearing Impairment Based Only on Pure Tone Threshold Average,” is used to determine a Roman numeral designation (I through XI) for hearing impairment based only on the pure tone threshold average. Table VIA will also be used when the examiner certifies that use of the speech discrimination test is not appropriate because of language difficulties, inconsistent speech discrimination scores, etc., or when indicated under the provisions of Section 4.86, described in the preceding paragraph. 38 C.F.R. § 4.85(c). 

When the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86(a). Similarly, if the pure tone threshold is 30 decibels or less at 1000 Hz, and 70 decibels or more at 2000 Hz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral, and that numeral will be elevated to the next higher Roman numeral. 38 C.F.R. § 4.86(b).

At the outset, in June 2019, the Veteran failed to show to the scheduled VA audiometric examination. The Veteran wrote that he missed the scheduled VA examination because he did not answer a VA scheduling phone call since the call came from an “unrecognized number.” 

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the Agency of Original Jurisdiction (AOJ) for further development. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802(a). In this case, however, the Veteran’s failure to attend the scheduled VA examination is not a pre-decisional duty to assist error. As the Board does not have a duty to assist, the issue cannot be remanded for a new examination. The Veteran may file a supplemental claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501).

Next, service connection for right ear hearing loss has not been established at this time. Because the evidence does not show complete deafness in the non-service-connected right ear, the right ear will be considered normal and assigned a Level I hearing acuity for rating purposes. See 38 C.F.R. § 4.85(f).

After a review of the evidence, both lay and medical, the Board finds that the weight of the competent and probative lay and medical evidence demonstrates that a compensable rating for left ear hearing loss is not warranted. For the entire rating period on appeal, the Board finds that there is no medical evidence of record to suggest that hearing loss has been productive of more than Level I hearing loss in the (service-connected) left ear and Level I hearing loss in the (non-service-connected) right ear, which is commensurate with the noncompensable (0 percent) disability rating assigned under Diagnostic Code 6100.

As such, the weight of the evidence of record supports the conclusion that the criteria for a higher (compensable) rating for left ear hearing loss are not met for the entire rating period on appeal. For these reasons, the Board finds that a higher (or compensable) rating for left ear hearing loss is not warranted. See 38 U.S.C.§ 5107; 38 C.F.R. §§ 4.3, 4.7.

 

J. PARKER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Tenney, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.